Peter N. Brewer / St.Bar № 87971
Julia M. Wei / St.Bar № 218005
Henry Chuang / St.Bar № 250628
Law Offices of Peter N. Brewer
2501 Park Boulevard, 2nd Floor
Palo Alto, CA 94306
Tel: (650) 327-2900
Fax: (650) 327-5959
Eml: julia@brewerfirm.com, henry@brewerfirm.com

Attorneys for Defendant Richard Straub, an Individual and dba Straub Appraisal.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD STRAUB, an individual and dba STRAUB APPRAISAL,<br><br>Defendants. | Case No.: C11-03295<br><br>STIPULATION TO AMEND ANSWER |

Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B. ("Plaintiff"), by and through its attorneys of record, Vanessa Widener and Jennifer Muse of Anderson, McPharlin & Conners LLP and defendant RICHARD STRAUB, individually and dba STRAUB APPRAISAL ("Defendant") by and through their attorneys of record Julia M. Wei and Henry Chuang of The Law Offices of Peter N. Brewer, hereby stipulate and agree as follows:

/ / /

1. Plaintiff filed its Complaint for breach of contract and negligent misrepresentations on July 6, 2011.

2. Defendant filed his Answer to the Complaint on September 30, 2011. In the Answer, Defendant's Eleventh Affirmative Defense alleged a complaint of comparative negligence. The Eleventh Affirmative Defense reads as follows:

> The damages sustained by plaintiff were either wholly or in part negligently caused by and/or the fault of persons, firms, corporations, or entities other than this answering defendant, and said negligence and/or fault, comparatively reduces the percentage of negligence and/or fault, if any, by this answering defendant. More specifically, Plaintiff's contributory or comparative negligence in the underwriting of the subject loan caused or contributed to Plaintiff's claimed damages relating to the approval of the subject loan. Additionally, Plaintiff relied on the acts and representations of the mortgage broker to underwrite the loan and its damages are either in whole or in part negligently caused by the mortgage broker.

3. The FDIC contends that Defendant's Eleventh Affirmative Defense for comparative fault/negligence does not apply to the claims asserted in the Complaint -- i.e., breach of contract or negligent misrepresentation. The FDIC has filed a Motion to Strike the Eleventh Affirmative Defense which is set for hearing on March 6, 2012.

4. Prior to filing the Motion to Strike, the Parties met and conferred regarding the sufficiency of the defense. Defendants' agreed the Eleventh Affirmative Defense does not apply to breach of contract action. However, Defendants argue that the Eleventh Affirmative Defense for comparative fault/negligence can be asserted in response to a claim for negligent misrepresentations.

5. Therefore, in the interest of judicial economy, the Parties hereby stipulate and agree that the Eleventh Affirmative Defense shall not apply to the

breach of contract claim and shall be amended to state:

> The damages sustained by plaintiff as to the negligent misrepresentation claim for relief were either wholly or in part negligently caused by and/or the fault of persons, firms, corporations, or entities other than this answering defendant, and said negligence and/or fault, comparatively reduces the percentage of negligence and/or fault, if any, by this answering defendant.  More specifically, Plaintiff's contributory or comparative negligence in the underwriting of the subject loan caused or contributed to Plaintiff's claimed damages from the negligent misrepresentation claims for relief relating to the approval of the subject loan.  Additionally, Plaintiff relied on the acts and representations of the mortgage broker to underwrite the loan and its damages are either in whole or in part negligently caused by the mortgage broker.

6.   The Parties continue to disagree about whether the defense can be applied to a claim for negligent misrepresentation.   As such, the Parties stipulate and agree that the FDIC's Motion to Strike the Eleventh Affirmative Defense as it relates to the FDIC's claim for negligent misrepresentation shall remain on calendar and the issue should be decided by this Court on March 6, 2012 as noticed.

　　IT IS SO STIPULATED


DATED: October 25, 2011           ANDERSON, McPHARLIN & CONNERS LLP


                                  By: /s/ Jennifer S. Muse
                                      Vanessa H. Widener
                                      Jennifer S. Muse
                                  Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.

1 | DATED: October 26. 2011     LAW OFFICE OF PETER N. BREWER

By: /s/ Henry Chuang
    Julia M. Wei
    Henry Chuang
Attorneys for Defendant RICHARD STRAUB

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: __10/28/11_____     _/s/ Sandra B. Armstrong_____

SANDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

Law Offices of Peter N. Brewer
2501 Park Boulevard, 2nd Fl.
Palo Alto, CA 94306
650-327-2900

908537.108503.1
Stipulation to Amend Answer
FDIC (Indymac Bank) v. Straub
Case No. C11-03295

4