**SUSAN D. CONDON (State Bar No. 143417)**
scondon@gcalaw.com
**VALERIE M. WAGNER (State Bar No 173146)**
vwagner@gcalaw.com
**GCA LAW PARTNERS LLP**
**1891 LANDINGS DRIVE**
**MOUNTAIN VIEW, CA 94043**
**TELEPHONE: (650) 428-3900 ♦ FACSIMILE: (650) 428-3901**

**Attorneys for Plaintiff**
**Federal Deposit Insurance Corporation**
**as Receiver for IndyMac Bank, F.S.B.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD STRAUB, an Individual and dba STRAUB APPRAISAL ,<br><br>Defendants. | Case No. C11-03295-SBA<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>The Hon. Susan B. Armstrong<br><br>Complaint filed: July 6, 2011 |

Pursuant to the stipulation between plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. and defendant, RICHARD STRAUB (collectively the "Parties"), and being fully advised by the Parties, and good cause appearing, the Court now enters the following Protective Order:

# PROTECTIVE ORDER

The following restrictions shall be observed as to such properly designated Confidential Information as may be produced in discovery by the Parties to this litigation:

## I. INTRODUCTION

### A. Definitions

1. "Confidential Document" means any document produced that bears the stamp or legend specified in Section II, Designation of Confidential Information, below, which signifies that the Designating Person contends that the document contains Confidential Information (as Confidential Information is defined in the next paragraph) entitled to confidentiality under established principles of law.

2. "Confidential Information" means a trade secret or other confidential commercial information, sensitive or proprietary business or financial information, personal information, or information furnished to the party producing the information in confidence by a third-party. Documents that have been publicly recorded will not be deemed to contain Confidential Information. The following categories of documents, while not exclusive, are deemed to contain Confidential Information:

   a. "Loan Origination Files" for the loans at issue in this litigation which include the borrower's private financial information, and other related proprietary business records.
   b. "Loan Servicing Files" for the loans at issue in this litigation which include the borrower's private information.
   c. "Foreclosure Files" for the loans at issue in this litigation which include the borrower's private financial information.

d. "Personal Records" as defined by California Code of Civil Procedure §1985.3.

3. "Document" or "Documents" means all written, recorded, electronic or graphic material, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

4. "Designating Person" means the Party or Person who initially produces the Document and marks it as "Confidential-Subject to Protective Order" pursuant to this Protective Order.

5. "Party" or "Parties" means any person or entity that is named as a party to this litigation.

6. "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any government agency.

7. "Discovery Material" means: (a) all documents produced in this action; (b) all deposition testimony taken in this action, exhibits thereto and any video or transcripts thereof, whether in written or computer format; and (c) responses to interrogatories, responses to requests for admission, and all other written discovery served or filed in this action and all contents of such discovery.

8. "Disclose" means to show, give, make available, reproduce, communicate or excerpt any Discovery Material, or any part or contents thereof.

**B. Good Cause**

This action involves a contract dispute between the Parties relating to mortgage loans, and representations made in connection with certain appraisals prepared in furtherance of said mortgage loans. This litigation will involve the review and analysis of Loan Origination Files, Loan Servicing Files, Foreclosure Files, and other Personal Records of individuals who applied for and obtained mortgage loans at issue. Good cause exists to grant the Parties' request for a

Protective Order to (1) preserve the privacy interests of third-party borrowers; (2) protect the confidential business records and proprietary information of the plaintiff and defendant; and (3) allow the Parties to exchange information in the most expeditious fashion possible, with a minimum burden, expense, dispute, and delay. Pursuant to 15 U.S.C. § 6802(e)(8), the production of non-public personal financial information, protected by the measures set out in this Protective Order, shall not constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. (*Marks v. Global Mortgage Group, Inc.,* 218 F.R.D. 492, 496 (S.D. W.Va. 2003).)

### C. Scope of Protective Order

1. This Protective Order applies to all Parties to this action and their counsel as well as retained and non-retained experts and/or consultants.

2. Nothing in this Protective Order shall require disclosure of any information or material that is protected from disclosure by any applicable privilege.

3. Any Party hereto may make a good faith objection to the designation of any document, response, testimony, or information as "Confidential Information" by the Designating Person, and may make a motion for an order compelling disclosure of and/or access to such material without restriction, after attempting to resolve the objection with the Designating Person. Applicable Federal and/or California law shall govern the burden and standard of proof on any such motion. Prior to the submission of any such dispute to the Court, the challenging Party shall provide written notice to the Designating Person of its disagreement with the designation, and those Persons shall try first to resolve such a dispute in good faith. Pending the resolution of any such objection or motion, any Discovery Material, the confidentiality of which is disputed, shall remain subject to the terms of this Protective Order. A Party shall not be obligated to challenge the propriety of information designed as Confidential Information at the time the

designation is made and failure to do so shall not preclude a subsequent challenge thereto.

4.  This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or Person with respect to information designated as "Confidential Information" pursuant to this Protective Order. The fact that information is or is not designated as "Confidential Information" under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

5.  This Protective Order shall not govern the use by a Party of any Discovery Material otherwise lawfully in its possession, notwithstanding the fact that the Party either produces that Discovery Material in the course of discovery in this action or receives a duplicate copy of that Discovery Material through discovery in this action.

6.  The Parties may agree in writing to accord Discovery Material produced in this action even greater confidentiality protection than that provided in Section II of this Protective Order, and nothing in the provisions of this Protective Order shall be deemed to preclude any Person from seeking and obtaining from the Court such additional protection with respect to the confidentiality of Discovery Material as may be appropriate or necessary.

7.  Discovery Material shall not be disclosed to any Person or entity except as expressly set forth herein. All Discovery Material produced or provided by any Designating Person in connection with this litigation shall be used by the Parties only for the purposes of this action, including depositions, motions, pre-trial preparation, trial or appeal. Otherwise, except by order of the Court, such Discovery Material shall not be used by any Party other than the producing Party for any other purpose.

8.  Inadvertent production of privileged information shall not constitute a waiver of any applicable privilege. Upon written notice by the

producing or designating Party that privileged information was inadvertently produced, all Parties shall destroy or return all copies of the information to the producing or designating Party within ten (10) days of such notice.

9. In instances where a document to be used in an exhibit to a motion contains any of the following: the borrower's social security number, wage or salary history and bank account numbers, those items may be redacted and the document may be used as an exhibit by the moving party without need for a motion under seal. The moving party seeking to use the document with Confidential Information on the document must notify and provide the redacted items to the designating party ten (10) days before filing the motion.

## II. CONFIDENTIAL INFORMATION

### A. Designation of Confidential Information

1. A Designating Person, who reasonably believes in good faith that a Document being produced contains Confidential Information, may designate such Document as containing such information only by: (1) Bates stamping such Document; and (2) stamping such Document with the following legend: "CONFIDENTIAL."

2. Failure of any Designating Person to designate Confidential Information in the manner described in Paragraph 1 hereof shall not preclude any Designating Person from thereafter in good faith making such a designation. Documents and materials so designated shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation.

### B. Qualified Person Re Confidential Information

Any document or other Discovery Material designated as "Confidential Information" may be disclosed only to the following Persons and/or entities:

1. The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

2. Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

3. Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

4. Witnesses in the course of a deposition taken in this action;

5. The Parties to this action, and those officers, directors, managing agents, or employees of the Parties hereto who are actively engaged in the preparation of this action for trial or for other resolution;

6. Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution and who agrees in writing to be bound by the confidentiality requirements of this Order by executing "Acknowledgement of Protective Order and Agreement to Be Bound" that is attached hereto as Exhibit A.

### C. Limited Use of Confidential Information

Documents and Discovery Material designated "Confidential Information" shall be used solely for this lawsuit, and shall not be used for any other purpose, including, but not limited to, any other litigation, arbitration, or claim.

### D. Filing Under Seal of Confidential Information

If a Party desires to use a Confidential Document or Confidential Information in support of a motion, opposition to a motion, or other document filed with the Court, the Party shall accompany its papers with an Application to file the Confidential Document under seal strictly pursuant to the rules of this Court. The Application shall be directed to the judge to whom the motion, opposition or other papers are directed. Pending the ruling on the Application, the papers or portions thereof which are subject to the Application shall be lodged under seal.

E. **Hearing Re Confidential Information**

Counsel for any Party may request, which request may or may not be granted, that any hearing or testimony with respect to information that has been designated "Confidential Information" by that Party should not be disclosed to anyone other than the counsel, Parties, and experts hereto, pending further order of the Court.

F. **Depositions Re Confidential Information**

The Parties may use Confidential Documents and Confidential Information during depositions in this action. In the event that any document or other Discovery Material designated as "Confidential Information" is marked as an exhibit in a deposition, or any question is asked at a deposition that calls for or requires the disclosure of Confidential Information, any Party may request within twenty (20) days after receipt of the transcript of the deposition (through written notice to all Parties) that any portion of such deposition transcript relating to Confidential Information be designated pursuant to this Protective Order. If the designation is made after the court reporter has prepared the transcript, each counsel shall be responsible for appropriately labeling all of his or her copies of such deposition transcript.

Any Party also may request at the deposition (through a notation on the record) that the portion of the deposition transcript relating to such Confidential Information be treated as follows:

The reporter shall separately bind the portion(s) of the transcript containing Confidential Information, and any exhibit(s) to the deposition designated as "Confidential Information," and shall mark such portion(s) and exhibit(s) substantially as follows:

CONFIDENTIAL INFORMATION

FDIC v. STRAUB

Case No. C11-03295 SBA

## III. POST-DISCOVERY TREATMENT OF DESIGNATED INFORMATION

1. This Protective Order shall not govern at trial. The Parties to this action shall attempt to agree on procedures to protect at trial the confidentiality of information designated pursuant to this Protective Order and shall, reasonably prior to trial, submit such proposed procedures to the Court for its approval or modification.

2. Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Discovery Material shall, at the option of the Receiving Party, be returned to counsel for the Producing Party or to the Designating Persons or destroyed and a certificate of destruction provided. Receiving Party is not responsible for the cost and manner of destruction. If any Discovery Material is furnished under this Protective Order to any expert or to any other Person, the attorney for the Party retaining such expert or furnishing the Discovery Material shall be responsible to ensure that it is returned and disposed of pursuant to this Protective Order.

3. No part of the terms of this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each Party, or by an order of this Court for good cause shown. This Protective Order shall survive any final disposition of this case, and after termination of this action, the Court shall retain jurisdiction to enforce or modify this Protective Order.

4. If at any time any Confidential Information protected by this Protective Order is subpoenaed or requested by any court, administrative or legislative body, person or entity, other than a Party to this action purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Party which has designated such information as Confidential Information so

as to advise such Party of the need to promptly obtain a protective order or act to quash the subpoena. The Party to whom the subpoena or other request is directed shall not produce the Confidential information until the party seeking to maintain confidentiality has had thirty (30) calendar days to obtain an appropriate order.

DATED: May 2, 2012                GCA LAW PARTNERS LLP


By:   /s/ Susan D. Condon
      Susan D. Condon
      Valerie M. Wagner
Attorneys for Federal Deposit Insurance
Corporation as Receiver for IndyMac Bank, F.S.B.

DATED: May 2, 2012                LAW OFFICES OF PETER N. BREWER


By:   /s/ Julia M. Wei
      Julia M. Wei
      Henry Chuang
Attorneys for Defendant Richard Straub, an
Individual and dba Straub Appraisal

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:_____                 _____
                                 Hon. Saundra Brown Armstrong
                                 United States District Court Judge

10
Protective Order

Notwithstanding the parties' stipulations, the court orders that
(1) the stipulated protective order does not entitle the parties to file confidential information under seal;
(2) Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal;
(3) The parties must take care to limit the designation of confidential material to specific material that qualifies under the applicable legal standards. The designating party must designate for protection only those parts of material, documents, items or oral or written communications that qualify -- so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this order;
(4) mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose expose the Designating Party to sanctions; and (5) if judicial intervention is required, the parties shall follow Judge Ryu's procedures for discovery disputes set forth in Docket No. 33.

IT IS SO ORDERED.

Date: _____May 10, 2012_____    _____
Donna M. Ryu
U.S. Magistrate Judge



IT IS SO ORDERED
AS MODIFIED
Donna M. Ryu

# Exhibit A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I, _____, declare that:

My address is _____; my present occupation is _____; and I am currently employed by _____.

I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in Paragraph II.B.6 thereof as being able to be given access to Confidential Information.

I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit any Confidential Information that I receive in this action, except to the extent that such Confidential Information is or becomes public domain information or otherwise is not deemed Confidential Information in accordance with the Protective Order.

I agree to subject myself personally to the jurisdiction of the United States District Court for the Northern District of California for the purpose of proceedings relating to my performance under, in compliance with, or violation of this Protective Order.

I understand that disclosure of Confidential Information in violation of this Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____    _____
*Signature*                        *Date*