UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RICHARD STRAUB, an individual and dba STRAUB APPRAISAL,<br><br>　　　　　Defendant. | Case No: 11-03295 SBA<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>Docket 22. |

　　　　Plaintiff Federal Deposit Insurance Corporation, as receiver for IndyMac Bank, F.S.B. ("Plaintiff") brought this action against Defendant Richard Straub, an individual doing business as Straub Appraisal ("Defendant"), alleging claims for breach of contract and negligent misrepresentation arising out of Defendant's appraisal of certain real property. Compl., Dkt. 1. The parties are presently before the Court on Plaintiff's motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. Dkt. 22. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the motion to strike, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.　BACKGROUND**

　　　　Defendant is a real estate appraiser. Compl. ¶ 3. Plaintiff is a government entity appointed by the Office of Thrift Supervision to act as Receiver for IndyMac Bank, F.S.B, ("IndyMac") pursuant to 12 U.S.C. § 1821(d)(2)(B), which was a FDIC-insured financial institution authorized to do business in the State of California. Id. ¶¶1-2. In reliance on the

1  appraisals performed by Defendant, IndyMac purchased a mortgage loan in the amount of
2  $920,000.00, and funded a mortgage loan in the amount of $481,500.00.  Id. ¶¶ 10, 20
3        On July 6, 2011, Plaintiff commenced the instant action against Defendant, alleging
4  four causes of action arising out of Defendant's appraisal of residential properties located at
5  14 Woodranch Lane, Danville, California 94506, and 1907 Ohio Avenue, Richmond,
6  California, 94804.  See Compl. ¶¶ 7, 17.  The first and second causes of action allege that
7  Defendant breached his contract with Plaintiff by misrepresenting the value of the
8  properties, using improper and negligently selected comparable sales, failing to comply
9  with the Uniform Standards of Professional Appraisal Practice, failing to disclose the
10 complete listing history of the two properties, and using comparable properties that were
11 not actually comparable.  Id. ¶¶ 13, 23. The third and fourth causes of action allege that
12 Defendant committed the tort of negligent misrepresentation because his appraisals
13 contained numerous material misrepresentations, failures, and deficiencies.  Id. ¶¶ 28, 34.
14 Specifically, Plaintiff alleges, among other things, that Defendant negligently
15 misrepresented the value of the properties, failed to use and analyze appropriate
16 comparable sales, and neglected to properly disclose the listing history of the properties.
17 Id.
18       On September 30, 2011, Defendant filed an answer, which asserts fourteen
19 affirmative defenses.  Answer, Dkt. 16.  On October 21, 2011, Plaintiff filed a motion to
20 strike Defendant's eleventh affirmative defense.  Dkt. 22.  Defendant filed an opposition on
21 November 4, 2011.  Dkt. 25.  A reply was filed on November 14, 2011.  Dkt. 26.

**II.   DISCUSSION**

    **A.   Legal Standard**

Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks

omitted).  In order to determine whether to grant a motion to strike under Rule 12(f), the court must determine whether the matter the moving party seeks to have stricken is: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.  Id. at 973-974.

Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991); see also 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380 (motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties).  When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec. Lit., 114 F.Supp.2d 955, 965 (C.D. Cal. 2000).  A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action.  Id.  However, a motion to strike is proper when a defense is insufficient as a matter of law.  Chiron Corp. v. Abbott Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994).  A decision to strike material from the pleadings is vested in the sound discretion of the trial court.  Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000).

### B.     Motion to Strike

Plaintiff moves to strike Defendant's eleventh affirmative defense on the ground that the defense of comparative fault or contributory negligence is not a defense to either a breach of contract claim or a negligent misrepresentation claim.[1]  Defendant's eleventh affirmative defense states as follows:

---

[1] The terms contributory negligence, comparative negligence, and comparative fault describe the same affirmative defense.  California courts typically use the terms comparative fault and comparative negligence as synonyms, often using the term contributory negligence as well.  See e.g., Sagadin v. Ripper, 175 Cal.App.3d 1141, 1161 n. 8 (1985) (noting that comparative fault is a more descriptive term than contributory negligence).  For purposes of consistency and clarity, the Court will refer to Defendant's eleventh affirmative defense as a "comparative fault" defense.

> The damages sustained by the plaintiff were either wholly or in part negligently caused by and/or the fault of persons, firms, corporations, or entities other than this answering defendant, and said negligence and/or fault, comparatively reduces the percentage of negligence and/or fault, if any, by this answering defendant. More specifically, Plaintiff's contributory or comparative negligence in the underwriting of the subject loan caused or contributed to Plaintiff's claimed damages relating to the approval of the subject loan. Additionally, Plaintiff relied on the acts and representations of the mortgage broker to underwrite the loan and its damages are either in whole or in part negligently caused by the mortgage broker.

Answer ¶ 52.

In support of its position that comparative fault is not a defense to a breach of contract claim, Plaintiff cites two cases which state that comparative fault is *generally* not a defense to a breach of contract claim. See Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal.4th 390, 402 (2000) ("contractual breaches are generally excluded from comparative fault allocations"); Loughridge v. Goodyear Tire and Rubber Co., 207 F.Supp.2d 1187, 1189 (D. Colo. 2002) ("fault and comparative fault generally play no part in contract claims"). Neither of these cases, however, hold that comparative fault is *never* a defense to a breach of contract claim.

Plaintiff also contends that Van Meter v. Bent Construction Company, 46 Cal.2d 588 (1956) supports its position that Defendant cannot assert a comparative fault defense to a negligent misrepresentation claim.[2] However, as Plaintiff readily acknowledges, the California Supreme Court in Van Meter stated that a defendant *may* be allowed to assert comparative fault as a defense to a negligent misrepresentation claim when the plaintiff's conduct, in light of his or her intelligence and information, is preposterous or irrational. See Van Meter, 46 Cal.2d at 595 (a comparative fault defense to a negligent

---

[2] Negligent misrepresentation is a species of the tort of deceit. Bily v. Arthur Young & Co., 3 Cal.4th 370, 407 (1992). "Where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit." Id. (internal quotation marks omitted).

misrepresentation claim is permissible when the plaintiff's reliance on false statements is irrational or preposterous).

While the evidence, or lack thereof, may ultimately demonstrate that Plaintiff's actions do not constitute "preposterous or irrational" conduct, the Court cannot make this determination at this stage of the litigation on a motion to strike.  If discovery does not reveal evidence showing that Plaintiff's reliance on Defendant's appraisals was "preposterous or irrational," Plaintiff may move for summary judgment on this issue.

In sum, viewing the allegations in the answer in the light most favorable to the Defendant, the Court concludes that Plaintiff has failed to establish that Defendant's eleventh affirmative defense is clearly insufficient as a matter of law.  See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (noting that motions to strike are disfavored and "will not be granted if the insufficiency of the defense is not clearly apparent.").  Further, the Court concludes that Plaintiff has failed to demonstrate that a comparative fault defense has no possible bearing on the subject matter of this litigation, and that it will suffer prejudice if the motion to strike is not granted.  Accordingly, Plaintiff's motion to strike is DENIED.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to strike is DENIED.

2. This Order terminates Docket 22.

IT IS SO ORDERED.

Dated: 5/25/12

 _____
 SAUNDRA BROWN ARMSTRONG
 United States District Judge